Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Black;<br><br>Plaintiff,<br><br>v.<br><br>Autovest, LLC; and Fulton, Friedman &Gullace, LLP;<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

### I. Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*., and for state law claims for unreasonable debt collection. In the course of attempting to collect a debt allegedly owed by Plaintiff, Defendants engaged in deceptive, unfair and abusive debt collection practices in violation of the FDCPA, and took actions which constitute unreasonable debt collection and invasion of privacy under the doctrine enunciated in *Fernandez v. United Acceptance Corpora-*

*tion*, 610 P.2d 461 (Ariz. App. 1980). Plaintiff seeks to recover actual damages, and statutory damages, punitive damages, as well as reasonable attorney's fees and costs.

## II.  JURISDICTION

2. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

3. Plaintiff is a resident of Maricopa County, Arizona.
4. Plaintiff is a natural person who is allegedly obligated to pay a debt which was incurred for personal, family, or household purposes.
5. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).
6. Defendant Autovest, LLC is a Michigan limited liability company registered to do business within the state of Arizona.
7. Autovest regularly uses the courts in Arizona to collect consumer debts.
8. Autovest collects or attempts to collect debts which it claims to have purchased or to have been assigned after default.
9. Autovest is a "debt collector" as that term is defined by FDCPA § 1692a(6).
10. Defendant Fulton, Friedman & Gullace, LLP ("FFG") is a New York limited liability partnership with offices in Arizona.
11. FFG is a consumer debt collection law firm that regularly collects or attempts to collect debts owed or asserted to be owed or due another,

|   |     |                                                                                |
|---|-----|--------------------------------------------------------------------------------|
| 1 |     | from residents within the State of Arizona.                                    |
| 2 | 12. | FFG is a "debt collector" as that term is defined by FDCPA § 1692a(6).         |
| 3 | 13. | FFG's collection actions taken against Plaintiff were taken on behalf of, and as agent for, Autovest. |

### IV.  Factual Allegations

14. In or about February 2008, Plaintiff purchased a 2005 Chevrolet Tahoe from Bill Heard Chevrolet for personal, family, or household purposes.
15. In order to purchase the Tahoe, Plaintiff entered into a Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement ("RISC") with Bill Heard Chevrolet.
16. Bill Heard Chevrolet subsequently assigned the RISC to Wells Fargo Bank, N.A.
17. Plaintiff later fell behind on his monthly payments under the RISC, and Wells Fargo repossessed the Tahoe in May 2009.
18. After repossession, Wells Fargo sold the Tahoe in June 2009 and applied the sales proceeds to the balance owed on the RISC.
19. Wells Fargo subsequently claimed that Plaintiff owed a deficiency balance on the RISC.
20. Autovest claims that it purchased Plaintiff's Well Fargo contract sometime after default.
21. Autovest hired FFG to assist it in collecting the claimed deficiency balance from Plaintiff.
22. Nearly five years after the repossession, on May 2, 2014, FFG filed suit on behalf of Autovest against Plaintiff in the Maricopa County Superior Court in an attempt to collect the alleged deficiency balance.

23. At the time Defendants filed suit, they misrepresented to Plaintiff that the debt was not stale, and that their suit was filed within the applicable statute of limitations.

24. However, at the time Defendants filed their suit, the debt in fact was stale and past the statute of limitations.

25. At the time Defendants filed suit against Plaintiff, they knew that the debt was stale and past the statute of limitations.

26. Despite knowing that their claim was stale, Defendants continued to pursue the lawsuit against Plaintiff.

27. Defendants ultimately obtained a judgment against Plaintiff in the amount of $30,221.56.

28. As a result of Defendants' actions as outlined above, Plaintiff has suffered actual damages including, but not limited to, anxiety, worry, invasion of privacy, loss of opportunity, damage to credit and reputation, and other extreme emotional distress.

29. Defendants' actions as outlined above were intentional, willful, and in gross or reckless disregard of Plaintiff' rights, and part of Defendants' persistent and routine practice of debt collection.

30. In the alternative, Defendants' actions were negligent.

### V.  Causes of Action

#### a. Fair Debt Collection Practices Act

31. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

32. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8),

1692e(10), 1692f, and 1692f(1).

33. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### b. Unreasonable Debt Collection.

34. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

35. Defendants' actions outlined herein constitute unreasonable debt collection practices, and an invasion of Plaintiff's privacy pursuant to the doctrine enunciated in *Fernandez v. United Acceptance Corporation*, 610 P.2d 461 (Ariz. App. 1980).

36. As a direct result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages for which Defendants are liable.

### VI.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Actual damages under the FDCPA;

b) Statutory damages under the FDCPA;

c) Punitive damages in an amount to be determined at trial;

d) Costs and reasonable attorney's fees pursuant to the FDCPA; and

e) Such other relief as may be just and proper.

/ / /

/ / /

1

2       DATED  April 29, 2015  .

3

4                                          s/ Floyd W. Bybee
                                        Floyd W. Bybee, #012651
5                                       **BYBEE LAW CENTER, PLC**
                                        90 S. Kyrene Rd., Ste. 5
6                                       Chandler, AZ 85226-4687
                                        Office: (480) 756-8822
7                                       Fax: (480) 302-4186
                                        floyd@bybeelaw.com
8
                                        Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25