**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Black,<br><br>      Plaintiff,<br><br>v.<br><br>Autovest LLC, et al.,<br><br>      Defendants. | No. CV-15-00773-PHX-JZB<br><br>**ORDER** |

  Pending before the Court are Defendants' Request for Judicial Notice (Docs. 21-1, 28) and Motion for Judgment on the Pleadings (Docs. 21, 28). For the reasons below, the Court will grant Defendants' Request for Judicial Notice and deny their Motion for Judgment on the Pleadings.

**I. Background**

  Plaintiff alleges that in February 2008, he purchased a vehicle from, and entered into a Retail Installment Sales Contract and Purchase Money Security Agreement (the Agreement) with, Bill Heard Chevrolet. (Doc. 1 ¶¶ 14, 15.) Bill Heard Chevrolet subsequently assigned the Agreement to Wells Fargo Bank, N.A. (*Id.* ¶ 16.) After Plaintiff fell behind on payments owed under the Agreement, Wells Fargo repossessed the vehicle. (*Id.* ¶ 17.) Wells Fargo sold the vehicle in 2009, applied the funds from the sale to the balance owed under the Agreement, and subsequently asserted Plaintiff owed a "deficiency balance" under the Agreement. (*Id.* ¶¶ 18-19.)

  Plaintiff further alleges Defendant Autovest claimed that it purchased the

Agreement "sometime after default." (*Id.* ¶ 20.) Plaintiff asserts Defendant Autovest hired Defendant Fulton Friedman & Gullace to "assist it in collecting" the deficiency on the balance from Plaintiff. (*Id.* ¶ 21.) On May 2, 2014, Defendant Autovest sued Plaintiff in state court in order to collect the balance owed under the Agreement. (*Id.* ¶ 22; Doc. 21-1.) Plaintiff further asserts that Defendants represented to him that the state court law suit was filed within the applicable statute of limitations and, therefore, timely. (Doc. ¶ 23.) Plaintiff claims, however, that Defendants knowingly filed and litigated the state court action beyond the applicable statute of limitations, ultimately obtaining a default judgment of $30, 221.56 against Plaintiff. (*Id.* ¶¶ 24-27.)

On April 29, 2015, Plaintiff filed this action, asserting claims against Defendants under the Fair Debt Collection Practices Act (FDCPA) and Arizona common law for unreasonable debt collection and invasion of privacy. (*Id.* ¶¶ 31-36.) On August 12, 2013, Defendant Autovest filed a Motion for Judgment on the Pleadings (Doc. 21) and a Request for Judicial Notice in Support of its Motion for Judgment on the Pleadings (Doc. 21-1). On September 8, 2015, Defendant Fulton Friedman & Gullace, LLP filed a Joinder in both Motions. (Doc. 28.) Defendants argue that they are entitled to judgment on all of Plaintiff's claims because the claims are (1) barred by the *Rooker-Feldman* doctrine,[1] and (2) were compulsory counter-claims required to have been brought in the previous state court action. (Doc. 21 at 3-4.) Plaintiff filed a Response in opposition to the Motion for Judgment on the Pleadings on September 11, 2015.[2] (Doc. 33.) Defendant Autovest filed a Reply on September 21, 2015. (Doc. 34.) On October 28, 2015, Plaintiff filed a Notice of New Opinion Addressing the Same Legal Issues in Defendants' Motion for Judgment on Pleadings, providing the Court with Notice and a

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] In his Response, Plaintiff states that he withdraws his state law claim for invasion of privacy. (Doc. 33 at 14.) The Court construes Plaintiff's statement as a request to voluntarily dismiss that claim under Rule 41(a) of the Federal Rules of Civil Procedure. Defendants do not object to Plaintiff's request. Therefore, the Court will dismiss Plaintiff's state law claim for invasion of privacy.

- 2 -

copy of a recent decision by United States Senior District Judge Roslyn O. Silver in a similar case pending against Autovest and another Defendant. (Doc. 36.)

## II. Defendants' Request for Judicial Notice

Defendants request that this Court take judicial notice of (1) a copy of the Complaint filed on May 2, 2014 in the state court action, (2) a copy of the filed Declaration of Service of Summons, Complaint, Affidavit of Account, Certificate of Compulsory Arbitration in the state court action, and (3) a copy of the judgment entered on December 11, 2014 in the state court action. (Doc. 21-1.)

Under Rule 201 of the Federal Rules of Evidence, a court may take judicial notice of "matters of public record." *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001). Further, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(c). A fact is appropriate for judicial notice only if it "is not subject to reasonable dispute" in that it is (1) generally known within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to "sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Here, Defendants have provided the Court with the necessary information regarding these public documents and the documents are not subject to reasonable dispute. Plaintiff does not contend otherwise. Therefore, the Court will grant Defendants' request for judicial notice.

## III. Legal Standard Applicable to Motions for Judgment on the Pleadings

Under Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a Rule 12(b)(6) motion to dismiss; thus "the same standard of review applies to motions brought under either rule." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (internal quotation omitted). To survive a Rule 12(c) motion, a complaint must meet the requirements of

Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court must accept all factual allegations in the Complaint as true. *Coal for ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2009).

## IV. Discussion

Defendants argue that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine and are compulsory counterclaims that must have been brought in the previous state court action. (Doc. 21.) For the reasons below, the Court disagrees.

### a. Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine.

Under *Rooker–Feldman*, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *See Rooker*, 263 U.S. at 415–16; *Feldman*, 460 U.S. at 482. As the Ninth Circuit Court further explained:

> The *Rooker-Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1297, 179 L. Ed. 2d 233 (2011). To determine whether the *Rooker-Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision. *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* at 1164. In contrast, if "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman* does not bar jurisdiction." *Id.* Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court. *Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) ("[A] plaintiff must seek not only to set aside a state court judgment; he or she must also allege a legal error by the state

>court as the basis for that relief.").
>
>If "a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision from which the forbidden de facto appeal is brought." *Noel*, 341 F.3d at 1158.

*Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013) (footnote omitted). Importantly, analysis of the second step of the *Rooker-Feldman* doctrine—whether the issue in federal court is inextricably intertwined with the state court judgment—does not occur unless the plaintiff's federal litigation is a de facto appeal of the state court judgment. *Id.* ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis. . . . Should the action not contain a forbidden de facto appeal, the *Rooker-Feldman* inquiry ends."); *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003) ("The premise for the operation of the 'inextricably intertwined' test in Feldman is that the federal plaintiff is seeking to bring a forbidden de facto appeal. The federal suit is not a forbidden de facto appeal because it is 'inextricably intertwined' with something. Rather, it is simply a forbidden de facto appeal. Only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play."). *See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (citing *Noel* with approval); *Cooper v. Ramons*, 704 F.3d 772, 778 (9th Cir. 2012) ("Our circuit has emphasized that '[o]nly when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play'") (quoting *Noel*, 341 F.3d at 1158).

Applying the two-step process here, the Court finds that Plaintiff's claims are not barred by the *Rooker-Feldman* doctrine. As Plaintiff notes, Judge Silver recently issued a ruling in a separate action on a motion for judgment on the pleadings filed by Autovest regarding the same issues—whether a plaintiff's FDCPA claims based on the defendant's filing of an untimely state court action were barred by *Rooker-Feldman*, and whether those claims were compulsory counterclaims required to have been brought in the

previous state court litigation. *See Garduno v. Autovest LLC*, No. CV-15-1016, Doc. 28, 2015 WL 6955404 (D. Ariz. Oct. 27, 2015). The Court agrees with Judge Silver's analysis. Like the plaintiffs in *Garduno*, Plaintiff here is not challenging the state court judgment in this federal litigation. Rather, he challenges Defendants' representations at the time Autovest filed the state court action. (Doc. 33 at 9-10.) Plaintiff asserts that regardless of the outcome of this litigation, the state court judgment will remain in effect. (*Id.*) Therefore, the *Rooker-Feldman* doctrine does not bar Plaintiff's claims in this action. *See Vacation Village, Inc. v. Clark County, Nev*, 497 F.3d 902, 910 (9th Cir. 2007) (*Rooker-Feldman* "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment.").

Other courts addressing similar issues and claims have also come to the same conclusion. *See, e.g.*, *McNair v. Maxwell & Morgan PC*, NO. CV-14-0869-PHX-DGC, 2014 WL 4209248, at *1-2 (D. Ariz. Aug. 26, 2014) (finding that the plaintiff's FDCPA claims regarding the defendant's actions in the underlying state court action were not barred by *Rooker-Feldman*); *Riding v. Cach LLC*, 992 F. Supp. 2d 987, 994-95 (C.D. Cal. 2014) (finding that the plaintiff's FDCPA claims premised on him being found not liable for the state court judgment—claims based on the plaintiff's contention he was not liable for the debt at issue in the state court action—were barred by *Rooker-Feldman*, but that the plaintiff's claims based on the defendants' allegedly improper collection methods were not barred); *Naranjo v. Universal Sur. Of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010) (citing cases holding that FDCPA claims based on a defendant's conduct during a previous state court collection action are not subject to *Rooker-Feldman* doctrine). Plaintiff's claims here do not challenge the state court judgment, nor are they premised on Plaintiff being found not liable in the state court action. Rather, Plaintiff challenges Defendants' representations in filing and litigating the state court action. Accordingly, the Court finds that the *Rooker-Feldman* doctrine does not bar Plaintiff's claims.

Defendants rely primarily on two cases to support their argument that Plaintiffs'

claims are "inextricably interviewed" with the state court judgment and, therefore, seek to "undercut" the state court judgment and are barred by *Rooker-Feldman*: (1) *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008); and (2) *Howard v RJF Financial, LLC*, No. CV-11-1213-PHX-GMS, 2012 WL 170904 (D. Ariz. Jan. 20, 2012).

In *Reusser*, the Ninth Circuit Court found that the plaintiff's 42 U.S.C. § 1983 claims were barred by *Rooker-Feldman*. 515 F.3d at 860. However, the court in *Reusser* noted that the same issues presented in the federal litigation were "separately litigated before and rejected by an Oregon state court." *Id.* Here, in contrast, Plaintiff's claims regarding the manner in which Defendants sought to collect the debt from Plaintiff—filing a time-barred state court complaint to collect a debt from Plaintiff—were not addressed by and are separate from the state court judgment. Further, even if *Reusser* offers a broader interpretation of the *Rooker-Feldman* doctrine, the Court will follow the Ninth Circuit Court's two-step analysis in *Noel*, 341 F.3d at 1158, because it is an earlier Ninth Circuit case that has been cited with approval by the Supreme Court in *Exxon*, 544 U.S. at 293. *See Garduno*, 2015 WL 6955404, at *2 ("The analysis by the Supreme Court in *Exxon* appears to be premised on the type of two-step analysis set forth in *Noel*. . . . Accordingly, the conflation of the two steps in *Reusser* is contrary to both earlier Ninth Circuit authority as well as Supreme Court authority."). Under the analysis in *Noel*, as detailed above, the Court finds that Plaintiff's claims here are not a de facto appeal. Therefore, *Reusser* does not compel application of the *Rooker-Feldman* doctrine to Plaintiff's claims.

In *Howard*, a default judgment was entered against the plaintiff and in favor of the defendant in a previous state court debt collection action. 2012 WL 170904, at *1. The plaintiff then filed a motion for reconsideration, arguing, among other things, that the court had no subject-matter jurisdiction and the lawsuit was fraudulent because the plaintiff had never done business with the defendant. *Id.* The state court denied the plaintiff's motion. *Id.* The plaintiff subsequently filed a suit against the defendant in this District Court, claiming that the defendant had violated the FDCPA by attempting to

- 7 -

collect a debt that was not owed and filing a time-barred action. *Id.* Notably, the plaintiff brought the federal litigation "to reverse or vacate the judgment of a state court." *Id.* at *2. The court in *Howard* found that plaintiff's claims were barred by the *Rooker-Feldman* doctrine because "the state court was competent to hear Plaintiff's arguments that the suit was time-barred and that it violated FDCPA, but Plaintiff chose not to bring those arguments." *Id.* at *3. The Ninth Circuit Court affirmed the decision on appeal, without detailed analysis, because the "action amounted to a forbidden 'de facto appeal' of a state court judgment." *Howard v. RJF Fin. LLC*, 538 F. App'x 824, 825 (9th Cir. 2013).

Defendants argue that under *Howard*, Plaintiff's FDCPA claims are barred. However, *Howard* is distinguishable in that the plaintiff sought to "reverse or vacate the judgment of a state court," and, on appeal, the Ninth Circuit Court affirmed that the plaintiff's claims were a de facto appeal of the state court judgment. *Id.*; 2012 WL 170904, at *2. Here, as stated above, the Court finds that Plaintiff's claims are not a de facto appeal of the state court judgment. Therefore, the Court does not reach the second step of the *Rooker-Feldman* analysis, and the doctrine does not apply. *See Garduno*, 2015 WL 6955404, at *4 (". . . given the allegations in *Howard*, it appears the case actually involved a basic application of the two-step *Rooker-Feldman* inquiry. . . . That is, once one of the claims in *Howard* was determined to be a de facto appeal, all other inextricably intertwined claims—such as pursuing the debt after the statute of limitations applied—were also barred.").[3]

### b. Plaintiff's claims are not compulsory counterclaims.

Defendants also assert that Plaintiff's claims are compulsory counterclaims he was required to bring in the state court action. (Doc. 21 at 9-11.) As an initial matter,

---

[3] Plaintiff also cites to a handful of district court decisions and one Seventh Circuit Court decision where courts found the plaintiff's FDCPA claims related to the defendant's conduct during a state court collection action were barred by *Rooker-Feldman*. (*See* Doc. 34 at 6-8.) However, as stated above, other courts have found that the same or similar claims as those at issue in this case are not barred by the doctrine and can proceed. *See Naranjo*, 679 F. Supp. 2d at 795; *Garduno*, 2015 WL 6955404, at *2-4.

- 8 -

Defendant Fulton Friedman & Gullace LLP was not a named party to the state court action and, therefore, Plaintiff was not required to assert his claim against that Defendant in the state court action. (Doc. 21-1); *Mirchandi v. BMO Harris Bank, N.A.*, 326 P.3d 335, 338 (Ariz. Ct. App. 2014).

Further, the Court finds that Plaintiff's claims against Defendants are not compulsory counterclaims. Under Arizona law,[4] a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the *opposing party's claim*." *Mirchandi*, 326 P.3d at 337. "[I]f such claims are not pled in the first action, they are waived and barred in any subsequent action under the doctrine of claim preclusion." *Id*. The standard for determining whether a claim "arises from the same transaction or occurrence is . . . flexible" and "is met when a logical relationship exists between the current cause of action and the previous one." *Id.* at 337-38 (citing *Technical Air Products, Inc. v. Sheridan–Gray*, Inc., 445 P.2d 426, 428 (Ariz. 1968)).

Here, Autovest's claims in the state court litigation related to Plaintiff's failure to pay a debt owed on a car loan. (*See* Doc. 21-1.) Plaintiff's claims in this suit relate to the methods by which Defendants sought to collect the debt from Plaintiff. The Court finds that the required relationship does not exist between the two actions. *See Garduno*, 2015 WL 6955404, at *5 (finding the same claims at issue in this action are not compulsory counterclaims); *Hunt v. 21st Mortgage Corp.*, No. 2:12-CV-381-RDP, 2012 WL 3903783, at *4 (N.D. Ala. Sept. 7, 2012) ("the manner in which [an FDCPA defendant] attempted to collect [a] debt does not concern whether a valid [debt] exist[ed] between the parties and, if so, any obligations created by it."). Therefore, Plaintiff's claims in this action are not barred as compulsory counterclaims.

Accordingly,

**IT IS ORDERED** that Plaintiff's state law invasion of privacy claim is dismissed.

---

[4] Arizona's rules regarding counterclaims apply here because the Court must give the Arizona judgment "the same preclusive effect as would be given that judgment under [Arizona] law." *See White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quotations omitted); 28 U.S.C. § 1738.

1 **IT IS FURTHER ORDERED** that Defendants' Request for Judicial Notice (Doc. 21-1) is granted.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 21) is denied.

**IT IS FURTHER ORDERED** that the parties' Joint Motion to Extend Time to Engage in Good Faith Settlement Talks (Doc. 38) is granted. The parties shall have until 30 days from the date of this Order to engage in good faith settlement talks.

Dated this 28th day of December, 2015.

_____
Honorable John Z. Boyle
United States Magistrate Judge